Chief Justice Robertson
delivered the Opinion of the Court—
Judge Ewing was not present at the argument, and took no part in the decision.
Betsy Nantz, the appellant, brought an action of ejectment against the appellee, Gabriel Bailey, for a tract of land to which she was entitled in her own right prior to her intermarriage with her deceased husband, Thomas W. Nantz; and which, during her coverture had been sold and conveyed to the appellee, by a deed duly executed and acknowledged by the husband, and which, purporting to have been signed by the wife also, had been, together with the following certificate, recorded, in proper time, in the office of the clerk of the county in which the land lies: — “Logan county, set. — I,Spen- “ cer Curd, clerk of said County Court, do hereby cer«tify, that the foregoing deed from Thomas W. Nantz “ and Elizabeth his wife to Gabriel Bailey, was this day « acknowledged before me, in my office, by said Nantz “and wife, to be their act and deed; and having exam«ined the wife of said Nantz, separate and apart from “ her said husband, she declared that she relinquished “ her right of inheritance to the land contained in this “ deed, of her own free will and accord, without the “ threats or persuasion of her husband, and wishes not “ to be retracted. In testimony of which, and that the “ certificate of the same, together with this certificate, “ stands truly recorded in my office, I hereunto set my “ hand, this 10th of December, 1823.” Signed — “Spencer “ Curd.”
The Circuit Court decided, that this certificate was sufficient to prove, that the appellant had conveyed to ;he appellee all her interest in the land, and that, there *112 fore, she was not entitled to recover. And whether that decision be right or not, is the only question now presented to this Court.
Statute prescribing the mode in which a man #• wife may convey land; the mode in which the privy examination and acknowledgment of the wife may be taken, certified, and recorded, and effectual to convey any estate or interest that she may have in the land.
This question must be determined chiefly by testing the certificate by a Virginia statute of 1785, re-enacted in this State in 1796 (1 Stat. Law, 440,) and which declares that, “ When husband and wife shall have sealed “ and delivered a writing purporting to be a conveyance “ of any estate or interest, if she appear in court, and “ being examined privily and apart from her husband, “by one of the justices thereof, shall declare to him, “ that she did freely and willingly seal and deliver the “ said writing to be then shown and explained to her, “ and wishes not to retract it, and shall before the said “ court acknowledge the said writing, again shown to “ her, to be her act; or if before two justices of the peace “ of that county in which she dwelleth, if her dwelling “ be within the United States of America, who may be “ empowered by commission, to be issued by the clerk “ of the court wherein the writing ought to be recorded, “ to examine her privily, and take her acknowledgment, “ the wife being examined privily and apart from her “husband, by those commissioners, shall declare that “ she willingly signed and sealed the said writing, to be “ then shown and explained to her by them, and con- “ senteth that it be recorded; and the said commission- “ ers, shall return, with the said commission, and there- “ unto annexed, a certificate, under their hands and seals, “ of such privy examination by them, and of such decla- “ ration made and consent yielded by her; in either case, “ the said writing, acknowledged also by the husband, or “ proved by witnesses to be his act, and recorded, togeth- “ er with such privy examination and acknowledgment “ before the court, or together with such commission and “ certificate, shall not only be sufficient to convey or re- “ lease any right of dower thereby intended to be con- “ veyed or released, but be as effectual for every other “ purpose as if she were an unmarried woman.”
A subsequent enactment conferred on clerks of county courts the same authority to take similar acknowledg' ments by femes coverts.
To pass the title or interest of a feme covert Lnd, there SuLiaZcompiianoe with statute prescnbingthe mode of making the conyeyance: a literal compliance is jf °clrSficate 'thé deed was explained to of the certificate^ clearly imports that §he was privily examined* by a proper officer — that the efiher, and that she declared it was freely executed hy her, and that she did not Wish to retract, whatever the form the deed will be effectual. Post. The best form is that prepared and promulgated by the Clerk, under the sanction of this court.
Upon a coiiVeyanc® by husband and wife, the clerk certifies the “fboth-'andthat “having examined the wife of , said N separaté and apart from her said husband, she declared that shfe relinquished her right df inheritance to the land, contained in this deed of her own free will and accord, without the threats or persuasion of her husband, and wishes not to be retracted,” Objected, that here is nó statement that her acknowledgment was made apart from her husband — nor that she acknowledged the signing and sealing — nor that the deed was shown and explained to her on privy examination. But held that, though the certificate does not show a literal compliance with the statute, it does exhibit the substance of every fact required to be certified ¡and recorded; and that the interest of the feme (a fee simple title) passed by the deed.
In consequence of their legal disability and the presumed actual influence of their husbands, married women eould not, at common law, have been divested of their rights to land, in any other than a judicial or quasi judicial mode, as by fine or recovery. And therefore, without some such statutory enactment as the foregoing, a woman could not, during her coverture, have parted with her title, by deed of bargain and sale. And •consequently, as the Legislature, in consideration of the peculiaf character and effects of the marital relation, , . . have wisely prescribed a special mode of procedure for ascertaining the self-will of married women, respecting a .ir o the sale of their estates, unless that mode be substantially observéd, every attempt to divest them of their interests by deed, miist be abortive and- ineffectual. A literal conformity with thé statute is not necessary. The object of the foregoing provision was to afford a reasonable opportunity for ascertaining that the wife had -freely executed thé deed, and understood the nature and consequences of her act. And any certificate which, by clear interpretation, imports that she had been privily examined by a proper person, and had freely acknowledged the deed and understood, or had the legal means for understanding, what she did¡, would, whatever might be its form, be sufficient fot effectual operation under the Statute of 1796.
The counsel for the appellant insists, that the certificate in this case is insufficient: first — because it does not state that the deed was acknowledged by Mrs. Nantz, when apart from her husband. Second — ;because it does not sholv that she acknowledged that she had signed and . . . ° , sealed the deed. Third — because it does not import that thé deed was, on privy examination, shown and explained to her. , , ,
*114 It is certainly indispensable to the legal validity and effectiveness of the acknowledgment, that the appellant should have acknowledged, on privy examination, that she sealed and delivered the deed voluntarily; and it is necessary also, that the nature and effect of the deed should have been first explained to her. But, though it would have been much better to have shown those facts expressly and specifically on the face of the certificate, and though also, it would have been better for that purpose to have drawn the certificate in the form prescribed under the direction of this court. Yet, if after allowing proper credit to the clerk for official knowledge and fidelity, and if, after giving only a proper effect to the legal presumption that he did his duty, the certificate, either expressly or by clear implication, imports that the examination and acknowledgment were, in effect, conformable with the statute of 1796, the appellant should be concluded.
Let us then briefly consider the several objections which have been urged.
The first and second objections will be considered together. In certifying that the appellant u acknowledged the deed,” the clerk has not, in so many words, said that her husband was not then present; and therefore, admitting all that is certified expressly about her acknowledgment, it may be that her husband was present when that acknowledgment was made. But, when the clerk afterwards certifies, that, upon her privy examination, “ she declared that she relinquished her right of in- “ heritance to the land contained in this deed, of her own “ free will” &c. the implication is strong, if not inevitable, that, she- then and thereby acknowledged her signature to the deed, and the delivery of the deed, and that her husband was, of course, not then present. Such is the prima facie, natural, and, as we think, legal import and effect of the certificate as to her declaration. In declaring that she freely “ relinquished her right of inheritance to the land contained in this deed,” she virtually acknowledged, that the deed was hers, and was genuine and effectual as it purported to be, and that, by that deed, she relinquished her right of inheritance. This should *115 be deemed tantamount to a more explicit declaration that she had sealed and delivered the deed; for, unless she had done so, as she, in effect, admitted by thus referring to and recognising it, she had not, as she declared, relinquished her right to the land described in that deed; for the certificate necessarily imports that the deed, with her signature to it, was then in her presence, and had been seen by her.
The third and last objection to the certificate is the most formidable; but even that, is not, in our opinion, insuperable.
It was the duty of the clerk, when he made the privy examination, to show and explain the deed, so as to have enabled the appellant, in the absence of her husband, to understand truly, from the officer appointed for that purpose, the legal effect of the act which she was about to acknowledge irrevocably. And, if he omitted to make the required explanation, her acknowledgment was, in fact, void. And consequently, she is not divested of her right, unless it may be clearly inferred, or should be presumed, from what has been certified, that the proper explanation was made to her, when she was privily examined; and before she made the acknowledgment. The only explanation the clerk should or could have made to her, was that, by the deed, if she then should acknowledge it, voluntarily and understandingly, she would forever relinquish her fee simple right, or, as it is frequently called, “ her right of inheritance to the land” described in the deed. When she declared, that she freely relinquished her right of inheritance, it is but reasonable to presume, that she understood what she was doing and saying as perfectly as she should be presumed to have done, had the clerk certified that he showed the deed to her, and told her that, by it, she was about to relinquish her right to the land, and that she then re-acknowledged the deed — which ivould have literally complied with the statute. For we cannot but think, that her declaration that she freely relinquished her right to the land, imports as much as would be implied by her acknowledgment of the sealing and delivery of the deed, after having been informed by the clerk, that thereby she would re *116 linquish her right to the land. But, though a certificate in either form, would import about the same thing in ef, feet, still there would be more safety if clerks would certify explicitly the substance, not only of all that was said, but of all that was done, on the privy examination.? because, otherwise, they might, through ignorance or inadvertence, draw their certificates in such terms as to. import that which was never said or done on the exam,, ination, if what was said and done be considered according to its true legal effect, and not according to. the judgment of the clerk as to its proper effect. And in this case, though the clerk has certified, that the appellant declared that she relinquished her right, nevertheless she may not have so declared; but the certificate, in this respect, may only express, in his own language, the opinion of the clprk as to the legal effect of her acknowledgment of the deed, without any previous explanation by him. But looking to the language of the certificate, and to the official trust which has been discharged, we could not judicially make any such deduction; but must presume, that the clerk has certified the truth, and that the appellant saw and understood the deed, and the legal consequences of her acknowledging it.
The act of 1796 has not prescribed any form for the certificate. It prescribes the duty of the examining officer, and is, so far, directory merely. But all that it requires to be certified and recorded, is that the wife was examined privily and apart from her husband, and thereupon declared, that she voluntarily executed the deed. After prescribing the mode of examination, and directing the examining officer as to his duty, the act requires only “ a certificate of such privy examination and of such acknowledgment.” This cannot mean that the certificate should expressly state all that was said and done during the examination; but means only that it should show that there had been a privy examination and acknowledgment; that is, that the wife had been examined apart from hex husband, and voluntarily and understandingly acknowledged the deed. As to how the privy examination should bp made, the statute is directory; it is ogly as. to the fact, that there was a *117 privy examination and a free and intelligent acknowledgment, that it requires a certificate. And all this is, we think, sufficiently manifested by the-certificate in this case — conceding, as must be done, that the facts certified are true, and understanding those facts according to their natural and reasonable effect, fortified by the ordinary legal presumptions.
This court, in the case of Hughes vs. McKinsey, (5 Mon. 41,) decided, that a clerk’s certificate was sufficient to pass a right to dower, which only stated, that the wife, being- examined as the law directs, voluntarily relinquished her right of dower to the land mentioned in the said indenture. And the following is the reasoning of the court in support of that opinion:—
By the act of 1803, it is declared — ‘ it shall and may “ be lawful for any relinquishment of dower to be acknowledged before the county court clerk, who shall record a certificate thereof.’ That made by the clerk “ in this instance is comprehensive enough as to her ac“knowledgment of the deed: and as to her voluntary re- “ linquishment of dower, upon examination, 4 as the law “ directs,'1 we must, as to the subject of dower, give cre“dence to this judicial act, and presume, it was rightly done, until the contrary is shown.”
We do not consider the act of the clerk to be “ judicial;” nor are we prepared to concur in the opinion, that a certificate that there had been such “ examination as the law directs,” would, of itself, be sufficient to show that there had been a proper privy examination.
The clerk, acting ministerially, should certify facts, and not his own opinions or deductions; and such facts should be certified, as may enable a court to decide, that, the facts being admitted, the law has been fulfilled.
But though we should doubt the sufficiency of the certificate to show that there had been a privy examination, we fully concur in the opinion, that the wife, as in that case, having signed the deed, a certificate stating that “ she voluntarily relinquished her right of dower to the land mentioned in the said indenture” is sufficient to show, that she had acknowledged the sealing and delivery of the deed, and also, to show that she understood the import and effect of her act.
*118 But if the certificate in the case of Hughes vs. McKinsey, be good to any extent, the certificate in this case must, a fortiori, be good to the whole extent of the statutory requisition. It shows, not only that the feme had relinquished all her right to the land described in the deed, but that she had done so voluntarily. These two essential facts appearing, and the statute requiring a certificate of record only as to the fact, that there had been a privy examination, and the fact also, that, upon such examination, the feme declared, that she had voluntarily sealed and delivered the deed, we must deem the certificate substantially sufficient for concluding the appellant’s right, by showing, according to -the end and spirit of the statute of 1796, that she had, by deed, properly recorded, freely parted with all the right which she ever-had.
It is not indispensable, that the certificate should state-, the exact process of examination, in verbal detail; such, particularity has never been observed or required. That such questions were asked, such explanations made, and such answers given, as those required by the statute, must be presumed from the fact of a privy examination by an officer appointed for that purpose by the law itself, in consequence of his presumed capacity and fidelity, and from the fact that, upon that examination, the appellant declared that she had freely relinquished all her right to the land. For, otherwise, we must presume, either that the clerk knew, that what he certified was false, or that he did not understand his official duty, or the import of his. certificate. He has not certified matters of opinion, but matters of fact; and, if the certified facts be true, the requisitions of the statute have been fulfilled, or the clerk did not understand them, or what he was certifying. The facts being accredited, as they must be, we will not presume that the clerk did not understand the statute, or comprehend his own certificate. But will presume that he understood both, as he should have done.
If such a certificate be insufficient, there may be reason for apprehending that but few, if any, certificates of relinquishments by married women, made prior to the promulgation of the forms prescribed but recently, under the sanction of this Court, could be sustained.
*119 But, without resorting to the extreme, and sometimes misapplied, doctrine of “ communis error” we are of the opinion, that the certificate in this case, exhibits the substance of every fact which the statute of 1796 requires to be certified and recorded, for passing the titles of married women; and we do not deem it necessary to bring to the support of this opinion, the aid of any extraneous argument, or the authority of any adjudged case.
Wherefore, it is considered, that the judgment of the Circuit Court be affirmed.