JOHN HUGHES and GEORGE CUMMINGS, plaintiffs in error, *vs.* MARGARET LANE, defendant in error.

*Error to Madison.*

A certificate of acknowledgment of a deed, by a *feme covert*, will be held sufficient to convey her title and interest in a lot of which she was the owner in fee; which shows that the requirements of the statute have been substantially complied with. (*Totiam Curiam.*) But this is not to be understood as sanctioning a departure, in any essential particular, from the requirements of the law, inasmuch as a married woman can only be divested of her real estate in the mode and manner which the Legislature has prescribed.
The words "does not wish to retract," are no part of the acknowledgment; but they are inserted in the statute, to afford a married woman an opportunity to avoid a deed conveying away her real estate, which she has voluntarily executed, if at the time the officer takes the acknowledgment, she thinks proper to retract what she has done.

This was an action of ejectment, brought by Margaret B. Lane, to recover the possession of lot six, in block three, in the city of Alton. The cause was submitted to the Court upon an agreed state of facts. The Court, Underwood, Judge, at the March term, 1849, found the defendants guilty, and that the plaintiff was entitled to an estate in fee simple to the lot in question. A motion for a new trial was made, and overruled.

The agreed case is substantially as follows : That one Ninian Edwards, the father of the plaintiff, was the owner in fee simple of the premises in the declaration mentioned, and died possessed thereof; that by operation of his will the plaintiff became entitled in fee simple to the lot in question; that the plaintiff and her husband, James S. Lane, then residing in Alton, Madison county, Illinois, made a deed of said property, purporting to convey to one Caleb Stone, for a valuable consideration, in fee simple, the premises mentioned, together with another lot, to wit, lot five, in block three, to which the defendant in error had only a right of dower; that when said conveyance was made by James S. Lane and the defendant in error, to said Stone, the said James S. Lane, husband of the defendant in error, took back a mortgage from said Stone to himself, to secure a part of the purchase money for said lot, which was due from Stone; that afterwards the husband foreclosed the mortgage given by Stone, on the lot in question, for the money due by the mortgage, and by regular proceedings in chancery, by a decree of strict foreclosure, became the owner of all the title to the said lot, which had been conveyed by Lane and the defendant in error to Stone; that afterwards one Joseph Asken and John Wordenheimer obtained a judgment, in the Madison Circuit Court, against the said James S. Lane, and that by a legal sale of said lot, upon an execution issued on said judgment, said Wordenheimer purchased all the title that said James S. Lane had in the said lot, and received a sheriff's deed duly executed therefor; that the defendants are in possession of the said lot, holding under the said Wordenheimer; that after the said purchase of the said lot by the said Wordenheimer, and after obtaining his deed therefor from the sheriff, and after he had taken possession of the said lot, but before the commencement of the present action, the said James S. Lane, the husband of defendant in error, departed this life.

The point to be decided in this case is, whether the defendant in error, by joining her husband in the deed made to Caleb Stone, conveyed away all her title to the said lot, or only the interest which she might hold as a married woman. The acknowledgment is set out at length in the opinion, and need not be again set out here.

HUGHES & CUMMINGS assign the following errors :

That said Court erred in not rendering a verdict for the defendants, and a judgment on such verdict, upon the testimony offered to the Court, and contained in the agreed state of facts. The Court erred in not granting a new trial, as asked for by the defendants. The Court erred in finding a verdict for the plaintiff below, and rendering a judgment thereon for said plaintiff.

W. T. MARTIN, for plaintiffs in error :

The deed made by defendant in error does pass her land. A certificate of acknowledgment, to a conveyance of land of a *feme covert*, owned in her own right, which substantially complies with the requisitions of the law, is sufficient.  3 McLean's Rep., 245 ; 3 Dana, 111 ; 5 Blackford, 481 ; 6 Blackford, 475 ; 1 Iredell, 313 ; 15 Ohio Rep., 423 ; 16 Ohio Rep., 599, 639, 799. ·

L. DAVIS and N. EDWARDS, for defendant in error :

The certificate of acknowledgment to the deed in this case, is not in the form prescribed by the statute, so as to convey the fee simple of the appellee.  Rev. Laws 1833, 134.  Where a married woman joins with her husband in a deed conveying her land, the certificate of acknowledgment must substantially, at least, conform to the mode prescribed by the statute.  Elliott *et al. vs.* Piersol, 1 Peters, 338 ; 3 Harris & McHenry, 432 ; 1 Harris & Johnson, 588, 751 ; 5 Mason, 67 ; 3 Dana, 289 ; 6 J. J. Marshall, 532 ; 5 Gilman, 125.  The certificate of acknowledgment to the deed in this case, does not contain the words, " she did not wish to retract," nor any language equivalent thereto.  These, or equivalent words, are indispensable, and the deed is, therefore, inoperative to convey the fee simple of the appellee.  The certificate of acknowledgment is in the form prescribed for a relinquishment of dower, and can only have the effect to release her dower in the lot mentioned in the deed, to

which she had only a right of dower, and cannot be construed to convey the other lot which she owned in fee simple.

B. F. Edwards, on same side :

It is unnecessary to cite authorities to show that, by the common law, the deed of a married woman is void. It is only by the force of statutory provisions that she is enabled to convey her interest in lands. The certificate of the acknowledgment of a conveyance by her, is as much a material part of the execution of the deed, as her seal or signature. Without it the law presumes it was obtained by fraud or coercion. Mariner *vs.* Saunders, 5 Gilman, 125. The certificate to this deed is substantially defective, first, in not showing that " the contents of the deed were made known and explained to " Mrs. Lane, and, second, in not containing the declaration by the wife, " that she does not wish to retract." Both of which facts the statute imperatively requires should expressly appear in the certificate. Rev. Laws 1833, page 134 ; 1 Hilliard's Abridgement, 55, sec. 15 ; Nantz *vs.* Bailey, 3 Dana, 115 ; Good *vs.* Zercher, 12 Ohio, 364 ; Meddock *vs.* Williams, ibid, 381. The decisions in Ohio and Indiana, referred to by Mr. Martin, are not applicable. They only show the construction given by those Courts of their own statutes. The construction so given, I deem clearly erroneous. But the requisitions of our statute are materially variant from the statutes of those states.

Opinion by Mr. Justice Trumbull:

James S. Lane and his wife, Margaret B. Lane, who is the defendant in error, in 1836, executed and delivered to Caleb Stone, a deed of conveyance for two lots of land, situated in the city of Alton. The fee in one of the lots belonged, at the time, to Mrs. Lane, and in the other, she had only a right of dower.

The only question in the case—the facts having been agreed upon by the parties—is, whether the acknowledgment of the deed by Mrs. Lane, was sufficient to convey away her title and interest in the lot, of which she was the owner in fee, and for the recovery of which, she instituted this action of ejectment, after the decease of her husband. According to the terms of the agreed case, judgment was to be given for the plaintiff below, that she recover the possession of the premises sued for, in case

the certificate of acknowledgment was held insufficient, otherwise the defendants were to have judgment.    The Circuit Court held the acknowledgment insufficient, and gave judgment for the plaintiff.

The statute authorizing a husband and wife, residing in this state, to convey the real estate of the wife, and providing the manner of acknowledging the.deed, declares, that they may execute any deed conveying such estate, and " if, after the execution thereof, such wife shall appear before some Judge, or other officer, authorized by this act to take acknowledgments, to whom she is known, or proved by a credible witness to be the person who executed such deed or conveyance, such Judge or other officer shall make her acquainted with, and explain to her the contents of such deed or conveyance, and examine her, separate and apart from her husband, whether she executed the same voluntarily, freely, and without compulsion of her said husband ; and if such woman shall, upon such examination, acknowledge such deed or conveyance to be her act and deed, that she executed the same voluntarily and freely, and without compulsion of her husband, and does not wish to retract, the said Judge or other officer shall make a certificate, endorsed on, or annexed to such deed or conveyance, stating that such woman was personally known to the said Judge or other officer, or proved by a witness (naming him) to be the person who subscribed such deed or conveyance, and setting forth that the contents were made known and explained to her, and the examination and acknowledgment aforesaid ; and such deed, (being acknowledged or proved according to law, as to the husband) shall be as effectual in law as if executed by such woman while sole and unmarried."    R. L. 1833, page 134, sec. 13.

The acknowledgment upon the deed in question is as follows :

" State of Illinois, ) *ss.*
    Madison county. )

" On this eighteenth day of June, A. D. 1836, personally appeared before the undersigned, a justice of the peace in and for the county aforesaid, James S. Lane, and Margaret B. Lane, his wife, known to me to be the identical persons described in, and who executed the within deed, and acknowledge that they severally signed, sealed and delivered the same as their free acts and deeds, for the uses and purposes therein mentioned.    And

the said Margaret B. Lane being by me made acquainted with the contents of the within deed, and being by me examined, separate and apart from husband, acknowledged that she executed the same freely and voluntarily, without any compulsion of her husband, and that she relinquishes her dower in the lands and tenements hereby conveyed. All which I hereby certify under my hand and seal, the day and year last above written.

"WILLIAM MARTIN, (L. S.")

No objection is taken to the form of the deed, but two objections are taken to the acknowledgment. First, that the certificate omits to state "that the contents of the deed were made known and explained to her;" second, that it omits the words "does not wish to retract."

It has been frequently decided by this Court, that a certificate of acknowledgment is sufficient, which substantially complies with the requirements of the statute. McConnell *vs.* Johnson, 2 Scam., 523; McConnell *vs.* Read, 2 Scam., 371; Livingston *vs.* Kettelle, 1 Gil., 116; Vance *vs.* Schuyler, ibid, 160; Delaunay *vs.* Burnett, 4 Gil., 454. None of these cases, however, had reference to the acknowledgment of a deed by husband and wife, conveying the real estate of the wife. But if a literal compliance with the statute is unnecessary, in taking the acknowledgment of persons laboring under no disabilities, and when, if the certificate were defective, no serious injury would be occasioned thereby, as the execution of the deed might be otherwise proved, there would seem to be equal propriety in requiring nothing more than a substantial compliance with the statute, in taking the acknowledgment of a married woman to a deed conveying her real estate; as the certificate of acknowledgment in such a case, constitutes a part of the conveyance, and if held to be sufficient and perfect upon its face, the *feme covert* may still avoid it, by showing that any compulsion, or undue influence, was used to induce her to sign and execute the deed, and that the certificate does not truly state the facts; while, on the other hand, if the certificate of acknowledgment is held to be defective, it can never be perfected, although the parties may have intended to execute a good and perfect conveyance, and the defect has been occasioned by the ignorance or mistake of the officer whose duty it was to make a valid certificate. Accordingly, in other states, where questions have arisen upon statutes

similar to our own, as to the sufficiency of certificates of acknowledgment, in cases where the land of the wife is sought to be conveyed, we find that the Courts have uniformly held, that the form of the certificate is immaterial, provided the directions of the law are substantially complied with. Kottman and wife *vs.* Ayer, 1 Strobhart's Law Rep., 571; Gregory *vs.* Ford, 5 B. Monroe, 481; Chesnut *vs.* Shane, 16 Ohio, 599; Shaller *vs.* Brand, 6 Binney, 438; Talbot *vs.* Sampson, 1 Pet. C. C., 188. It may even be questionable whether some of the Courts, in their anxiety to uphold conveyances of this kind, which would be void, if the certificates of acknowledgment were held to be defective, have not really dispensed with what might properly be regarded as a substantial requirement of the law. In the case of McIntyre *vs.* Ward, 5 Binney, 296, the Court go very far to sustain a conveyance made by husband and wife, of the real estate of the wife. The statute of Pennsylvania required that the person taking the acknowledgment in such a case, " should read to the wife, or otherwise make known to her, the full contents of the deed ; " and this the certificate omitted to state. The Court decided the certificate to be sufficient, and held, that " no particular form was necessary; that the words of the act need not be used, if its directions are substantially complied with; " that the "Court would be departing from the line of its duty, if it were studious to avoid conveyances by objections founded merely upon form ; " and, as it appeared from the certificate, that the wife had acknowledged the granted premises to be " the right, title, interest and property of the within named Samuel Todd, (the grantee) his heirs and assigns forever," it was fairly to be presumed, that she knew that the land was conveyed to Todd in fee simple ; and if she had this knowledge it was all that was material. In Indiana, a similar decision has been made. The statute of that state, R. C. 1824, p. 334, declares that the person taking the acknowledgment, " shall examine the wife, separate and apart from her husband, and shall read, or otherwise make known, the full contents of such deed or conveyance, to the said wife, and if, upon such separate examination, she shall declare that she did, voluntarily and of her own free will and accord, and as her act and deed, seal and deliver the said deed or conveyance, without any coercion or compulsion from her husband, every such deed or conveyance shall be, and the same is hereby, de-

17

clared to be good and valid in law, &c.; *Provided*, that the judge, justice or recorder, taking the same, shall, under his hand and seal, certify the same upon the back of such deed or conveyance." Under the foregoing statute, the Supreme Court of Indiana, in the case of Stephens *vs.* Doe, 6 Blackf., 475, held a certificate of acknowledgment sufficient, which simply stated that the husband and wife personally appeared before the officer, and that the wife "being examined separate and apart from her husband, as the law directs, and acknowledged the above deed of conveyance to be their voluntary act and deed, for the uses and purposes therein mentioned." In pronouncing their opinion, the Court say : "It will be presumed, the contrary not appearing, that the officer did his duty as to the separate examination of the wife, and the making her acquainted with the contents of the deed." The case of Nantz *vs.* Bailey, 3 Dana, 111, is to the same effect. The Kentucky statutes required that the wife should be privily examined, separate from the husband ; that the deed should be shown and explained to her ; that she should acknowledge the same when apart from her husband, and that there should be a certificate of such privy examination, and of the declarations and consent of the wife ; yet a certificate, which stated that the deed was acknowledged by the husband and wife, and that the wife being examined separate and apart from the husband, "declared that she relinquished her right of inheritance to the land contained in this deed, of her own free will and accord, without the threats or persuasion of her husband, and wishes not to be retracted," was held a valid acknowledgment to convey the estate of the wife, although it was objected that the certificate did not state that the deed was acknowledged by Mrs. Nantz, when apart from her husband, or that she had acknowledged that she had signed and sealed the same, or that the deed was, on privy examination, shown and explained to her. The Court, in expounding the statute, say : "The object of the foregoing provision was to afford a reasonable opportunity for ascertaining that the wife had freely executed the deed, and understood the nature and consequences of her act. And any certificate which, by clear interpretation, imports that she had been privily examined by a proper person, and had freely acknowledged the deed, and understood, or had the legal means for understanding, what she

did, would, whatever might be its form, be sufficient.   In the case of McKeen *vs.* Delancy, 2 Cond., 179, a certificate of acknowledgment, admitted not to be in compliance with the law under which it was taken, was held valid upon the ground alone that it had been the practice under the law to take acknowledgments in that manner.  Many other cases might be cited to the same effect, and however unwilling we might be, if this were a new question, to sanction a departure from the very words of the statute, we feel authorized and required, in view of the numerous decisions which have been made, in our own and sister states, upon similar statutes, and of the consequences which would result if a strict literal compliance with the statute were required, to hold any certificate of acknowledgment sufficient which shows that the requirements of the statute have been substantially complied with.   In laying down this rule, we are not to be understood as sanctioning a departure, in any essential particular, from the requirements of the law.   On the contrary, we hold that a married woman can only be divested of her real estate in the mode and manner which the Legislature has prescribed.

Tested by this rule, we will now examine the certificate in question.   That certificate states that Mrs. Lane " was made acquainted with the contents of the within deed," which, in our judgment, is equivalent to setting forth, " that the contents were made known and explained to her."   How is it possible that the officer taking the acknowledgment, could make her acquainted with the contents of the deed, without its contents being known and explained to her ?   The substantial requirement of the law in this respect is, that the party should be informed as to what she was executing, and that she was so informed, is most manifest from the certificate.   To hold this acknowledgment insufficient for the reason assigned, would be to require the very words of the statute to be incorporated into the certificate, which would be in conflict with every decision to which we have been referred ; and the consequence of such a decision would be, to render invalid nearly every deed in the state, executed by husband and wife for conveying the real estate of the wife ; for we all know, that scarce a certificate of acknowledgment can be found which literally conforms to the statute ; although it would

certainly be safer and better if officers, in making their certifi-
cates, would adopt the language of the act.

Upon the second point, as to the necessity of inserting in the
certificate the words, "does not wish to retract," we do not
understand that those words necessarily constitute any part of
the acknowledgment, or that the statute requires them to be set
forth in the certificate. The officer taking the acknowledgment
is not required to examine the wife as to whether she *wishes to
retract.* He is only to examine "whether she executed the
deed voluntarily, freely and without compulsion of her said hus-
band," and to require him to insert in the certificate the words,
"does not wish to retract," would be requiring the insertion of
something in the certificate, about which he had made no exa-
mination. The officer is bound to examine the wife as to her
free and voluntary execution of the deed, without the compul-
sion of her husband; and though she acknowledge these facts,
the law even then puts it in her power to avoid the deed, by
informing the officer that she wishes to retract what she has
done; and, in that event, the officer could not make the requi-
site certificate. It will be observed that the words, "*does
wish,*" are in the present tense, and if in supplying the nomina-
tive to those words, which is understood, we insert the words,
"*if she,*" before "*does,*" the meaning of the sentence is made
apparent. In our view, therefore, the words "does not wish to
retract," are not necessarily a part of the acknowledgment, but
they are inserted in the statute to afford a married woman an
opportunity to avoid a deed, conveying away her real estate,
which she had voluntarily executed, if, at the time the officer
takes her acknowledgment, she thinks proper to retract what she
has done. At all events, we think the statute capable of this
construction, and it is the duty of the Court, if possible, to
adopt such a construction as will uphold rather than destroy
titles.

The question whether a certificate of acknowledgment, show-
ing that the *feme* had relinquished her dower only, would be
sufficient upon a deed whereby husband and wife were convey-
ing only the real estate of the wife, does not arise, and is not
decided in this case. To one of the lots embraced in the deed
in question, Mrs. Lane had only a right of dower, and the
statement in the certificate upon the deed that she relinquished

" her dower in the lands and tenements " thereby conveyed, was proper as applied to that lot, but that statement need not, necessarily, and cannot without involving an absurdity, be applied to the lot which she owned in fee, and in which she had no right of dower to relinquish. It is a rule in the construction of all writings, that they are to be so understood, as to have a legal and actual operation; and a construction is never to be adopted which would be senseless in view of the circumstances of the case, or wholly inapplicable thereto. Story on Contracts, sec. 640. Lord Coke says, "whenever the words of a deed, or of the parties without deed, may have a double intendment, and the one standeth with law and right, and the other is wrongful and against law, the intendment that standeth with law shall be taken." 1 Thomas Coke, 620–42, *b.*

The words "lands," "tenements," though in the plural, are general terms, used indiscriminately in certificates of acknowledgments, whether the deed contains one or several tracts of land. A deed cannot probably be found, the certificate upon which states that the *feme* relinquishes her dower in the *land and tenement* thereby conveyed. The statute, in providing the mode of relinquishing dower, uses the words "lands and tenements," in the plural number, and it was never supposed necessary or proper to use those words in the singular, in a certificate to a deed embracing but one tract of land. So much of the certificate in this case as relates to relinquishing dower, should, therefore, be considered as applying only to the lot in which there was a right of dower to relinquish. The certificate is not in the form prescribed by statute, nor in the one usually adopted in case of relinquishment of dower merely. The statute providing the mode of acknowledging a deed by a married woman, so as to release dower, declares : " If she acknowledge that she executed the same, and relinquishes her dower in the lands and tenements therein mentioned, voluntarily, and freely, and without the compulsion of her husband, the Judge," &c. R. L. 1833, p. 133. The certificate upon the deed in question states, that Mrs. Lane " acknowledged that she executed the same, freely and voluntarily, without any compulsion of her husband, and relinquishes her dower in the lands and tenements hereby conveyed." It is the execution of the deed, not the relinquishment of dower, that is acknowledged to have been

made freely and voluntarily, without any compulsion of the husband, and this, together with the other statements of the certificate, as to privy examination and acquaintance with the contents of the deed, was sufficient to pass Mrs. Lane's interest in the land which she held in fee; but whether the statement simply that she "relinquishes her dower in the lands and tenements hereby conveyed," without stating that the relinquishment was made voluntarily and freely, and without compulsion of her husband, is sufficient to bar her dower in the lot belonging to her husband, is not now a question before us.

Being of opinion that both objections to the certificate of acknowledgment are untenable, and that the certificate contains all the essential requisites of the law to pass the inheritance of Mrs. Lane, the judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*

Mr. Justice CATON dissented, and gave the following reasons:

I agree that a substantial compliance with the statute, in taking the acknowledgment and giving the certificate, is sufficient. In this case, I do not think there has been such a compliance. A married woman is incapable of conveying her lands, or releasing her dower, except as she is authorized by the statute, and then it must be done in the mode directed by the Legislature, and in no other. There are two sections of our statute which authorize a married woman to join in a conveyance with her husband. The first is the 17th section, which authorizes a married woman to join with her husband in conveying her fee simple interest in lands. The other is the 21st section, which authorizes her to release her dower. These sections require different examinations to be made by the officer, and different certificates to be given, in order to give effect to the act of the wife; and I conclude that the Legislature intended to make a substantial difference, or else both cases would have been provided for in the same section, and in the same language. It seems to me that the Legislature did intend that the acknowledgment should be taken with more care, and that the certificate should be in a different form in the one case than in the other. The first requires that the officer shall certify, "that

the contents were made known and *explained to her.*" The other only requires the officer to certify, "that she was made acquainted with the contents thereof;" that the expressions, "the contents were made known and explained to her," and "she was made acquainted with the contents," are the same in substance, is undoubtedly true; but the addition of the words "and explained to her," which are required by the 17th section to be in the certificate, is something more, in substance. The officer is not only required to make known, but he must *explain* the contents of the deed. And there is a substantial reason for this. In the one case, she is conveying a present, substantial existing title; in the other, she is releasing an uncertain, contingent expectancy, which is no estate whatever in the land. Blain *vs.* Harrison, *post.* The form of the conveyance may be the same; the effect, however, is very different, and this is what the Legislature intended the officer should explain. It was not done in the present case. There is another reason for this difference, which will be alluded to hereafter.

In other respects these two sections materially differ in the certificate required, according to the object to be effected by the conveyance. The section authorizing the wife to convey her fee, provides that "if such woman shall, upon such examination, acknowledge such deed or conveyance to be her act and deed, that she executed the same voluntarily and freely, and without compulsion of her husband, *and does not wish to retract the same*," said judge, &c., shall certify "said acknowledgment." Now, what is she to acknowledge? First, that she executed the deed; second, that it was voluntary, and third, that she does not wish to retract. It seems to me clear that these three things are substantive requirements of the statute, and if they are not in the certificate there is a substantial omission. I do not say they must be there in the words of the statute, but something equivalent to each must be there, or the law has not been complied with. The first two are in the past tense, because they refer to the execution of the deed, which had been already done. The third is in the present tense, because it refers to the present condition of her mind, which it is deemed important to ascertain, and commemorate in the acknowledgment, which the statute requires shall set forth "the examination and acknowledgment aforesaid." This I understand to

mean the substance of the whole acknowledgment. If the officer may omit one part, then he may another, and thus we may fritter away the whole statute. This is a statute loosening the securities of the common law, by which the wife's estate was guarantied to her, and should not be extended beyond its manifest intent.

The other section, providing only for the release of dower, is different in form and substance, and less particular in its requirements. The Legislature, with good reason, considered the release of dower of less importance than the conveyance of her estate, and has required less solemnity and deliberation in the act. This last section provides, that " if she acknowledge that she executed the same, and relinquishes her dower in the lands and tenements therein mentioned, voluntarily and freely, and without the compulsion of her husband, such Judge," &c., shall certify that " she acknowledged such deed as aforesaid." In this certificate, the effect of the act, that is the release of dower, is mentioned, and there is nothing said about her wish to retract. Here we may see another reason why the officer is not required to explain the deed, for the very form of the examination and certificate explains to the woman that it is only her right of dower that she is parting with. The acknowledgment before us is precisely and technically in the form required by the statute, for the release of dower; and yet it is held sufficient to pass the wife's estate. If the acknowledgments may be the same, why are these two sections so widely variant? It is said that the object of the first section is, to prohibit the officer from making the certificate, when the wife volunteers the information that she then wished to retract, although she had previously executed the deed voluntarily. I would inquire whether the officer would be justified in making the certificate, in case of a release of dower, where the wife stated that, although she had voluntarily executed the deed, she had changed her mind, and then wished to retract, and that she appeared before the officer only through fear of her husband? Such, I imagine, would not be held to be the law so long as we hold the deed inoperative as to the wife, until a voluntary acknowledgment and certificate are made. I believe the Legislature intended this additional circumspection and solemnity, in case of the conveyance of the wife's estate, should be substantially ob-

served. There is a reason for it, and I think the statute enjoins it. I do not think it necessary to go into an examination of the decisions of other Courts which may tend to support my view of the case, or to review those which are supposed to sanction a more loose construction. In none of them, as it seems to me, has the intention of the Legislature been so manifestly departed from, with such unerring lights to determine what that intention was. With consequences I have nothing to do, where I think the law is manifest. It may be, and I presume is most generally the case, that the insufficiency of acknowledgments are attributable to the ignorance or carelessness of the officer, rather than the unwillingness of the wife to part with her interest, and yet it may sometimes happen that the wife's estate will be illegally and unjustly taken from her. Her inexperience in business, her desire for domestic peace, her liability to be persuaded by a misplaced confidence, her dependant position, her exposure to imposition, and the constraining influences with which she is surrounded, all conspire to render it peculiarly proper that both the Legislature and the Courts should protect her interests against deception or coercion.

In this very case it may not be improbable, that both Mrs. Lane and the officer supposed that she was only doing what she professed to do, that is, releasing her dower. In one of the tracts of land mentioned in the deed, she had but a dower interest, and as to that, the deed was effectual, but as to the other, I think it was inoperative. This would give full effect to the acknowledgment, so far as it professed to operate, and makes it mean precisely what it says. I am of opinion that the judgment should be affirmed.