LANE (CARTER v.). See Case No. 2,477.

LANE (CROSBY v.). See Case No. 3,423.

---

## Case No. 8,049.

### LANE v. DOLICK et al.

[6 McLean, 200.] [1]

Circuit Court, D. Illinois. Oct. Term, 1854.

EJECTMENT—DEED—MARRIED WOMAN'S ACKNOWLEDGMENT — FORM OF ACKNOWLEDGMENT FOR TRANSFER OF WHOLE ESTATE—FOR RELINQUISHMENT OF DOWER.

1. By the laws of Illinois, when a married woman, who is a resident of the state, conveys her real property by deed, it is the acknowledgment that gives effect to the deed, and that must be made substantially in conformity with the law; and if not so made, the deed is invalid.

2. The form of acknowledgment, when a femme covert pleads her right of dower, is different from that by which she transfers her estate of inheritance.

3. Where a femme covert was the owner of real estate in fee, and executed a deed with her husband, purporting to convey the estate, and the acknowledgment to the deed was in substance a mere relinquishment of dower, held that the deed did not convey the estate of the wife.

[Action by Margaret B. Lane against Charles Dolick and others.]

N. W. & B. S. Edwards, for plaintiff.

Mr. Logan, for defendants.

DRUMMOND, District Judge. This is an action of ejectment brought by Mrs. Lane against the defendants, for the west half of lot 43 and the west half of lot 15, in Belleville, Madison county. It is admitted by both parties, that on the 6th of July, 1834, the title to the property was in the plaintiff as her estate of inheritance, she, at that time, being a femme covert. On that day, Mrs. Lane and her husband, both being res-

[1] [Reported by Hon. John McLean, Circuit Justice.]

idents of Illinois, executed a deed, through which the defendants claim. The deed was acknowledged on the 8th of July, 1834. Mrs. Lane's husband died in 1847, and since his death she has brought this action. A jury has been waived, and both law and fact submitted to the court. The case depends upon the effect to be given to the deed already mentioned. In the deed both Mrs. Lane and her husband are named as grantors, and the body of the deed is in the usual form. The certificate to this deed is as follows: The officer certified that there appeared before him, "James S. Lane and Margaret B., his wife, known to me to be the persons whose names are subscribed to the written instrument of writing, and acknowledged the same to be their free and voluntary act and deed, for the purposes therein mentioned; and the wife of the said James S. Lane being by me examined separate and apart from her said husband, and the contents of the within instrument of writing fully made known to her, she declared that she signed, sealed, and delivered the same, of her own free will and accord, and that she relinquished her dower in the premises therein mentioned, voluntarily and freely, without coercion or compulsion of her said husband."

The statute under which this deed was acknowledged, declares that the officer "shall make her acquainted with, and explain to her the contents of such deed or conveyance, and examine her separate and apart from her husband, whether she executed the same voluntarily and freely, and without compulsion of her said husband; and if such woman shall, upon such examination, acknowledge such deed or conveyance to be her act and deed, that she executed the same voluntarily and freely, and without compulsion of her husband, and does not wish to retract," the officer shall make a certificate, "setting forth that the contents were made known and explained to her, and the examination and acknowledgment aforesaid," and "such deed" shall be as effectual to pass the title as if she were sole and unmarried.

Our law is different from the law of many of the states, in requiring the certificate to set forth the particular facts which must concur to render the deed valid. The certificate in this case states that the wife was examined separate and apart from her husband, and the contents of the deed were fully made known to her. The law required that it should appear that the officer made her acquainted with, and explained to her, the contents of the deed. In Hughes v. Lane, 11 Ill. 123, the supreme court of this state held, that the words "was made acquainted with the contents of the written deed," were equivalent to the words, "that the contents were made known and explained to her;" and if this is correct, then it follows that the words in this case, "and the contents of the within instrument of writ-

ing (being) fully made known to her," are also equivalent to the words of the statute. That was the case of a conveyance by a femme covert, of two lots of land, to one of which she had the right of dower, and to the other the fee; and, it is to be observed, the certificate contained some of the words necessary when a married woman relinquishes her dower alone, and the court seemed to have overlooked the difference between the law for the relinquishment of dower and that for the conveyance of the wife's fee, or they laid no stress on that difference. Now it was all one law, January 31, 1827, with different provisions; and when the wife was to relinquish her dower, she did it by joining her husband in the deed, and the officer acquainted her with the contents, and then, on an examination separate and apart from her husband, he has to ascertain whether she relinquished her dower. The object of this part of the law is to declare how the wife's dower may be released. Then, in the next section of the same law, it is declared how a married woman shall convey her own real estate, which is, by executing with her husband a deed for the conveyance of her land; and after its execution, the officer shall make her acquainted with, and explain to her, the contents of such deed. Now, it would seem as though this alteration of the phraseology, this addition to the sentence, was not without a purpose. In the case of dower, the wife grants nothing. She joins in the deed, and makes the proper acknowledgment to relinquish her dower. The officer acquaints her with the contents of the deed, and asks her whether she executed it and relinquished her dower freely, etc. In the case of a conveyance by a femme covert of her estate, she executes the deed to grant the inheritance, and as has often been decided, the deed must contain words of grant by her. Agricultural Bank v. Rice, 4 How. [45 U. S.] 241. And to give effect to the deed as a grant from her, she must not only be made acquainted with the contents of the deed, but they must be explained to her, the legislature appearing to think that it was quite possible, as all experience proves, that a woman might be made acquainted with the contents of the deed and yet not understand it; that is, she might read it, or hear it read, and yet not comprehend its effect. In Kentucky, the law required the deed to be shown and explained to the femme covert, and the court, in Nantz v. Bailey, 3 Dana, 114, say it is necessary that the nature and effect of the deed should have been first explained to her. "It was the duty of the clerk, when he made the privy examination, to show and explain the deed, so as to have enabled the wife, in the absence of her husband, to understand truly the legal effect of the act she was about to acknowledge, and if he omitted to make the required explanation, the acknowledgment was void. The only explanation the clerk could

or should make was, that by the deed, if she should acknowledge it voluntarily and understandingly, she would forever relinquish her fee simple right." It shows clearly that the court did not understand that a mere reading of the deed would in all cases be sufficient. Miller v. Shackleford, Id. 291. Our statute is even stronger than that of Kentucky, but, as already stated, the supreme court have decided that if she were made acquainted with the contents of the deed, they were explained to her, that is, it is one and the same thing. The object of these remarks will become apparent hereafter.

The certificate in this case does not contain the words "and does not wish to retract," and, in this respect, is like the certificate in Hughes v. Lane, in which case the court held it was not necessary the certificate should contain those words, saying, they were inserted in the statute to afford a married woman an opportunity to avoid a deed, by informing the officer that she wished to retract, notwithstanding she had voluntarily executed it. The court admit there may be a question whether this is the proper construction of the law, and say, they think it capable of that construction, and that it was the duty of the court, if possible, to adopt such a construction as would uphold rather than destroy titles. I agree that we should give a fair, and, it may be, a liberal construction to these laws for the purpose mentioned; but still we must look to the law as our guide, and not destroy and impair its provisions piece-meal, and while we insist the law must be observed, by our decisions contradict our professions. The law makes the acknowledgment a solemn act, and gives it all the sanctity of a record, and will not suffer it to be changed by parol. It is that which gives validity to the deed, and without it the wife's interest in her estate will not pass. Mariner v. Saunders, 5 Gilman, 125; Elliott v. Peirsol, 1 Pet. [26 U. S.] 328; Hepburn v. Dubois, 12 Pet. [37 U. S.] 374. In the case referred to, of Hughes v. Lane, the court expressly waive giving any opinion as to whether the certificate of acknowledgment, showing that the femme had released her dower only, would be sufficient. That is the question to be decided in this case. What is the acknowledgment here? The officer certifies that he examined the wife separate and apart from her husband, and the contents of the deed were fully made known to her, and this examination having taken place, she declared that she signed, sealed, and delivered the deed of her own free will and accord, and that she relinquished her dower in the premises therein mentioned, voluntarily and freely, without coercion or compulsion of her husband. If it was an acknowledgment certified under this part of the law for the relinquishment of dower, it would be she acknowledged that she executed the deed and relinquished her dower in the premises therein mentioned,

voluntarily and freely, and without compulsion of her husband. "Of her own free will and accord," is nothing more than voluntarily and freely in the release of dower. I can only look on it, therefore, as in substance an acknowledgment of the relinquishment of dower. It raises, then, the question whether the certificate of the relinquishment of dower is sufficient.

The true rule is this: If it clearly appear from the certificate, that the law has been substantially complied with, that the wife understood the nature and character of the transaction, that is sufficient. Does that appear in this case? Let us assume the necessary hypothesis. She had executed a deed with her husband, conveying her estate. This she knew; she appeared before the officer for the purpose of acknowledging the fact. Does she declare that the conveyance is her act and deed; that she executed the same voluntarily and freely, and without compulsion of her husband, and does not wish to retract, on the private examination? No. She declares she executed it of her own free will and accord, and relinquished her dower in the premises, or this the officer states in his certificate. If she did, and we must take this as true, is it not manifest she did not know what her estate was, or that she supposed she was granting something different from what she in fact had the right to grant? Does it affirmatively appear there was that intelligent understanding of the transaction on her part, which is necessary to give validity to such a contract? It seems to me this declaration made by her, shows that she did not fully understand what she was doing; and I think it most probable, nay, certain, that the officer who took the acknowledgment and wrote it, did not himself understand that the wife was conveying her own estate, but supposed she was merely releasing her dower to her husband's land. I do not go the extent of saying that whenever an acknowledgment contains a relinquishment of dower, it follows as a necessary consequence, in all cases, that the wife's estate will not pass; but I hold that when there is such acknowledgment, it raises a strong presumption in itself, that the wife did not fully understand her position and her rights, and there should be sufficient in the acknowledgment to rebut that presumption, to show clearly she knew she was passing an estate of inheritance. If it be said very few married women know what dower means, or the difference between that and an estate in fee, it is only an additional reason why the law and the courts should give every possible opportunity for her to become acquainted with her rights before she divests herself of her estate. It seems to me, if the guards which have so long been thrown around the estates of married women as a shield against the improvidence, folly, or imprudence of the husband, are to be removed, it must be by the legisla-

ture, and not by the courts. It has been held in many cases, that if the acknowledgment only contains a relinquishment of dower, it is not sufficient to pass an estate in fee, and in Missouri under a statute precisely like ours, it was held insufficient, though the acknowledgment would have been ample without the relinquishment of dower. McDaniel v. Priest, 12 Mo. 545; Gregory v. Ford, 5 B. Mon. 482; Lewis v. Richardson, 7 Mon. 66; Barnett v. Shackleford, 6 J. J. Marsh. 532; Powell v. Monson & B. Manuf'g Co. [Case No. 11,356]; Raymond v. Holden, 2 Cush. 264; Bruce v. Wood, 1 Metc. (Mass.) 542.

If we adopt the construction contended for by the defendants' counsel, then we strike out all of the words after "free will and accord," as surplusage; and in that event we leave out the words "without the compulsion of her husband," because as it reads in the certificate, these words apply not to the execution of the deed, but to the relinquishment of dower. It is said the words "of her own free will and accord," are the same thing in substance as the words of the statute. I am not quite prepared to concede this. The statute uses the words "voluntarily and freely," and if these words were employed, it might with the same propriety be insisted that was enough; but the law has superadded other words. However, I do not put the decision so much on this ground, as on the one already stated. It has sometimes been said that unless the certificate showed that the wife did understand what she did, if she has the legal means of understanding, it is sufficient. Some such language is used in the case reported in 3 Dana, already mentioned and cited by the court, in Hughes v. Lane; but that was a case where the wife said she relinquished her inheritance in the land, and nothing is said about dower; and the law of Kentucky, while like ours it requires several facts to concur to render the wife's deed to her property valid, did not like ours, require that all these material facts should be set forth by the officer, and the courts of Kentucky have uniformly held, if the necessary facts were not set forth, they will presume the other facts. Gregory v. Ford, 5 B. Mon. 482. But as already stated, they have also held that an acknowledgment like this, which showed only a release of dower, was insufficient to free the life estate.

We may now apply some remarks that were heretofore made. If the words in this acknowledgment, "the contents of the deed were fully made known to her," are to be presumed to mean that she was acquainted with the contents, and they were explained to her, what are we to infer when the certificate shows that if any explanation was made, it was an erroneous one? or that the officer did not know what interest the wife was passing, and therefore could not explain? If this acknowledgment be sufficient, then all that courts have to do, is, not to look

to the certificate to ascertain what estate is transferred, but to the kind of estate the wife had, and if she makes the acknowledgment necessary to convey the fee, and has it not, her dower passes, or if she makes the acknowledgment necessary to release dower, and has it not, then the fee passes; that is, we are to adapt the words to the estate, and give an effect to the deed contrary to its plain import, and contrary to the provisions of the statute. Are we prepared to go this length? And it seems as though we must, for I see no distinction in principle between the two cases. I will go so far to sustain titles, but in Hughes v. Lane there is obviously a strong effort on the part of the majority of the court to support a deed that was supposed to be all fair and just, but it seems to me they have, to say the least, gone quite far enough, and I do not feel inclined to go beyond even that case, as I would be obliged to do, if I held this acknowledgment good. It has also been said here, that it was the clear intention to transfer the fee. It may be so. But where can the court look for that intention except to the certificate, and to the law applicable to it? It is clear that is the only safe guide. Some complaint has been made of the hardship of this case upon the defendants, but we must put these cases upon some principle that we can stand on, and not shift our ground with every new deed that comes up. Parties when they are purchasing estates must exercise some degree of vigilance as to their titles, and if they are wanting in this respect, they alone are in fault.

I have gone into a more minute and critical examination of the phraseology of the statute than I otherwise should, on account of the stress that was laid on the case of Hughes v. Lane in the argument. If that case governed this I should feel obliged to follow it as a rule of property binding upon courts of the United States; but as I understand that case, the question involved in this is left open, and consequently I am at liberty to decide it according to my own views of the law. The issue and judgment will therefore be for the plaintiff.