CASE 30—PETITION EQUITY—JUNE 20.

# Martin vs. Davidson's heirs, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1.  "THE STATE OF OHIO, GREENE COUNTY, SCT.

    "Before me, T. Marshall, mayor of the city of Xenia, within and for the county aforesaid, personally came Hamilton Creighton and Janet S. Creighton, the grantors in the foregoing conveyance, and acknowledged the signing and sealing of the same to be their voluntary act and deed, for the uses and purposes therein expressed. And the said Janet S. Creighton, wife of the said Hamilton Creighton, being examined by me, separate and apart from her said husband, and the contents of said deed being fully made known to her upon such separate examination, declared that she did voluntarily sign, seal, and acknowledge the same, and that she is still satisfied therewith.

    "In testimony whereof, I have hereunto set my hand and seal, this twenty-second day of July, in the year eighteen hundred and sixty-three.

    "[L. S.]                              T. MARSHALL, Mayor."

    *Held*—That the foregoing certificate of Janet S. Creighton's acknowlment and privy examination is a substantial and sufficient compliance with all the essential requirements of the statute, and that she is concluded by the deed. · Although it is not expressly stated in the certificate that the effect of the deed was explained to her, or that she declared she had delivered it, or consented that it might be recorded, each of these facts is clearly implied by the statements of the certificate. (*Revised Statutes, sec. 22, chap.* 24.)

2.  Although, in some respects, a material change has been effected by the Revised Statutes, in the manner of taking and certifying the acknowledgments of the conveyances of married women, the rules of construction, in testing the sufficiency of such instruments, have not undergone any essential change.

3.  In considering the effect of the acknowledgment of conveyances, the principle to be deduced, from the various adjudications on the subject, seems to be, that if, after allowing proper credit to the officer for official knowledge and fidelity, and giving proper effect to the legal pre_

sumption that he did his duty, the certificate, either expressly or by clear implication, imports that the examination and acknowledgment were, in effect, conformable with the statute, it will be conclusive, whatever may be the language used in drafting it. (*Nantz vs. Bailey*, 3 *Dana*, 111; *Gregory vs. Ford*, 5 *B. Mon.*, 471; *Gill, &c., vs. Fauntleroy's heirs*, 8 *B. Mon.*, 177.)

STEVENSON & MYERS,                                    For Appellant,
                          CITED—

3 *Dana*, 111 ; *Nantz vs. Bailey.*

5 *B. Mon.*, 481 ; *Gregory's heirs vs. Ford.*

H. P. STEPHENS,                                    For Appellees,
                          CITED—

*Revised Statutes, subsecs.* 1, 2, *of sec.* 22, *and secs.* 2, 3, *and* 17, *chap.* 24, 1 *Stanton.*

3 *Dana*, 320 ; *Brown vs. Starke.*

*Act of* 1748, *secs.* 7 *and* 8 ; *Act of* 1776, *sec.* 3.

*Act of* 1785 ; *Act of* 1792, *secs.* 2 *and* 3.

*Act of* 1796, *sec.* 4; *Act of* 1831.

1 *Statute Law*, 429 *to* 455.

6 *J. J. M.*, 533 ; *Barnet vs. Shackelford.*

3 *J. J. M.*, 242–4 ; *Whitaker vs. Blair.*

9 *Dana*, 217 ; *Applegate vs. Gracy.*

5 *J. J. M.*, 123, *&c.; Prewett vs. Graves.*

9 *B. Mon.*, 549 ; *Scarborough vs. Watkins.*

*Angell & Ames on Corp.*, *sec.* 223, *and cases cited*, *sec.* 297, *&c.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant brought this suit in equity for a partition of certain lots in, and adjacent to, the city of Covington, which descended from James S. Davidson, deceased, to his children—one of whom, Janet S. Creighton, wife of Hamilton Creighton, had, as the plaintiff alleged, united with her husband in a sale and conveyance of their interest in the lots to him.

Mrs. Creighton, upon her petition in the action, was admitted as a defendant, and resisted the plaintiff's claim, on the grounds that the deed of herself and husband did not divest her of her title, and the plaintiff did not thereby acquire any interest in the property.

The court, on hearing the cause, dismissed the plaintiff's petition, and he has appealed from the judgment to this court.

The essential question in the case, and the only one we shall consider, is, whether the acknowledgment and privy examination of said Janet S. Creighton, as certified on the deed, were sufficient, under our law of conveyances, to render the deed effectual to pass her title.

The acknowledgment was made before T. Marshall, mayor of the city of Xenia, Ohio, whose certificate is as follows:

"THE STATE OF OHIO, GREENE COUNTY, SCT.

"Before me, T. Marshall, mayor of the city of Xenia, within and for the county aforesaid, personally came Hamilton Creighton and Janet S. Creighton, the grantors in the foregoing conveyance, and acknowledged the signing and sealing of the same to be their voluntary act and deed, for the uses and purposes therein expressed. And the said Janet S. Creighton, wife of the said Hamilton Creighton, being examined by me, separate and apart from her said husband, and the contents of said deed being fully made known to her upon such separate examination, declared that she did voluntarily sign, seal, and acknowledge the same, and that she is still satisfied therewith.

"In testimony whereof, I have hereunto set my hand and seal, this twenty-second day of July, in the year eighteen hundred and sixty-three.

"[L. S.]                    T. MARSHALL, *Mayor.*"

By the 22*d section of chapter* 24 *of the Revised Statutes*, the certificate of the acknowledgment of the deed of a married woman, taken by an officer residing out of this State, is required to be, *in effect*, according to a form prescribed in the statute. The officer, in pursuance of that form, should certify, substantially, that *"the contents and effect"* of the instrument were *explained by him* to the *feme covert*, separately and apart from her husband, and that she "thereupon declared that she did freely and voluntarily execute and *deliver* the same to be her act and deed, and consented that the same *might be recorded."*

It is apparent that the certificate in this case differs from the form prescribed in the statute as to the explanation required to be made by the officer of the *contents and effect* of the deed, and also with reference to the declaration of the *feme* that she had *delivered* the deed, and that she consented that it might be recorded. And as the statute requires that the statements of the certificate shall be *"to the effect"* of the form prescribed, it is essential to determine whether the certificate, though not literally in the form required, is, nevertheless, so in effect; or, as we interpret the language of the statute, in substantial compliance with the requisitions of the law.

In some respects, a material change has been effected by the Revised Statutes in the manner of taking and certifying the acknowledgment of the conveyances of married women; but we are not aware that the rules of construction theretofore observed in testing the sufficiency of such instruments have undergone any essential change. The principle to be deduced from various adjudications on the subject seems to be, that if, after allowing proper credit to the officer for official knowledge and fidelity, and giving proper effect to the legal presumption that he did his duty, the certificate, either

expressly or by clear implication, imports that the examination and acknowledgment were, in effect, conformable with the statute, it will be conclusive, whatever may be the language used in drafting it. (*Nantz vs. Bailey*, 3 *Dana*, 111; *Gregory vs. Ford*, 5 *B. Mon.*, 471; *Gill, &c., vs. Fauntleroy's heirs*, 8 *B. Mon.*, 177.)

In *Nantz vs. Bailey*, where the clerk certified that the female grantor, on her privy examination, "declared that she relinquished her right of inheritance to the land contained in this deed of her own free will and accord, without the threats or persuasion of her husband, and wished it not to be retracted," this court held the implication was strong, if not inevitable, that she then and thereby acknowledged that she had *signed* and *delivered* the deed. And the court further said, that "when she declared that she freely relinquished her right of inheritance, it is but reasonable to presume that she understood what she was doing and saying as perfectly as she would be presumed to have done, had the clerk certified that he showed the deed to her and told her that, by it, *she was about to relinquish her right to the land, and that she then reacknowledged the deed, which would have literally complied with the statute.*"

And in *Gregory vs. Ford*, the court said: The certificate of the clerk does not state that *the deed was shown and explained* to Mrs. Gregory on her privy examination, which in strict propriety should have been stated; but although the two last mentioned statutes expressly require that the deed should be shown· and explained, no statute requires that this should be expressly stated in the certificate. The statutes direct the clerk what he is to do in making the privy examination, and require the fact of privy examination, but not the manner or particulars of it, to be certified. As the fact

Martin vs. Davidson's heirs, &c.

of privy examination, and the declaration of the *feme* that she freely and voluntarily sealed and delivered, &c., are certified, we think it should be implied that the deed was shown and explained.

Applying to this case the liberal rule of construction recognized by this court in the cases referred to, we are constrained to regard the certificate of Mrs. Creighton's acknowledgment and privy examination as a substantial and sufficient compliance with all the essential requirements of the statute, and that she is concluded by the deed.

Although it is not expressly stated in the certificate that the *effect* of the deed was explained to her, or that she declared she had *delivered* it, or consented that it might be *recorded*, each of these facts is clearly implied by the statements of the certificate.

We perceive no valid objection to the authentication of the deed.

It results from the foregoing conclusions that the court erred in dismissing the action.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.