The only point decided is fully stated in the opinion of the court, which was delivered by
Til&hmaN, C. J.
This action was tried in the Court of Common Pleas of Mercer county, and has been brought before us on a bill of exceptions. The plaintiff, Nathan Luffborough, offered in evidence, a deed from Abraham Witmer to himself, dated the 16th of August, 1796, proved before Isaac Worrell, one of the judges of the Court of Common Pleas for the eounty of Philadelphia, on the 17th of September, 1796, by the oath of Alexander Power, one of the subscribing witnesses, and recorded on the 13th of April, 1797, in the county of Allegheny, which at that time included the land conveyed by the said deed. The counsel for the defendant excepted to the evidence, “ because it did not appear in the certificate of the justice, that Alexander Power was the same person whose name was subscribed to the deed as a witness.” It was not necessary that the justice should certify that Power was a subscribing witness, because that probably was a fact not within his knowledge. The question is, Whether it sufficiently appears, that the oath was made by a subscribing witness ? Nowit appears, by inspection of the deed, that the name of Alexander Power was written as a subscribing witness, and it is certified by the justice, that Alexander Potoer appeared before him, and made oath, “that he saw Abraham Witmer (the grantor) sign, seal, execute, and deliver the said indenture as his act and deed.” He does not expressly say, that he subscribed his name as a witness, but that, we think may be reasonably intended, because the name is subscribed. Our act of assembly, of the ISth of March, 1775, requires that a deed shall be proved by one or more of the subscribing witnesses, before it can be recorded. This act must be substantially complied with — but when substance is found, it is neither the duty nor the inclination of the court, to defeat conveyances, by severe criticism on language. It is our opinion, that this deed was proved according to the act of assembly, and ought to have been admitted as evi *49 dence. The judgment is therefore to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias, de novo awarded.