### ELIZABETH DENNIS *vs.* DANIEL F. TARPENNY.

A certificate of acknowledgment of the execution of a deed, by a married woman, stating that on an examination before the officer "separate and apart from her husband" she acknowledged the execution of the same "without fear or compulsion from him," is a sufficient compliance with the statute requiring the officer to certify, upon an acknowledgment by a feme covert, that on "a *private* examination, apart from her husband, she executed the conveyance *freely* and without any fear or compulsion of her husband."

APPEAL, by the plaintiff, from a judgment entered at a special term. The action was ejectment, for dower, and was tried before the Hon. DANIEL PRATT, one of the justices of this court—a trial by jury being duly waived by the respective parties. The defendant, on the trial, admitted that the plaintiff was married to Britton Dennis, in the complaint mentioned, prior to the year 1800; and that the said Britton Dennis and the plaintiff continued and remained husband and wife from the time of such marriage until the death of said Britton Dennis, which took place in the year 1849. The defendant also admitted that he, the defendant, was in possession of the premises described in the complaint, at the time of the commencement of this action, and that he is still in the possession thereof; that the said Britton Dennis conveyed the prem-

ises in the complaint mentioned, in fee simple, by common warranty deed, on the 3d day of January, 1828, to William Dennis, and that said Elizabeth did not join in said conveyance; that said William Dennis conveyed said premises in fee simple, by common warranty deed, on the 23d of November, 1828, to John McVicar; that John McVicar conveyed said premises, in fee simple, by common warranty deed, on the 31st day of April, 1831, to Solomon Wheeler; and that Solomon Wheeler conveyed said premises, in fee simple, by common warranty deed, on the 30th day of December, 1834, to Daniel F. Tarpenny, the defendant in this action; that Britton Dennis was in possession of said premises at the time he conveyed the same, and that each of the other grantors was in possession of the premises at the time they respectively conveyed the same; that a demand of dower in said premises was made of the defendant, on behalf of the plaintiff, on the 5th day of May, 1853. John A. Dennis was then called as a witness on the part of the plaintiff, and proved that the several grantees took possession of said premises under the deeds executed to them respectively; and here the evidence closed on the part of the plaintiff. The defendant then gave in evidence a deed in fee simple from John McVicar and his wife, dated the 10th day, of December, 1829, conveying said premises to Eben J. Dennis, and stated that this was not with a view to show a different source of title, but admitted that there was a regular chain of title from Britton Dennis down to the defendant; and said deed was read in evidence. The defendant then offered in evidence a quitclaim deed, from the plaintiff to Eben J. Dennis, of the premises in question, dated the 10th day of December, 1830, on the back of which there was the certificate of an acknowledgment in the words and figures following, viz: " *Onondaga county, ss.* I certify that on the 25th day of December, 1830, came before me Elizabeth Dennis, grantor of the within deed, to me well known, and, on an examination separate and apart from her husband, acknowledged she executed the same for the uses and purposes therein mentioned, without fear or compulsion from him.

A. EASTWOOD, Com."

Dennis *v.* Tarpenny.

The counsel for the plaintiff objected to reading said deed in evidence, on the ground that the acknowledgment and the certificate thereof were insufficient to authorize the same to be read in evidence ; that it did not appear by said certificate that the deed was acknowledged on the private examination of the said Elizabeth, nor that said deed was executed freely, as required by statute. The objection was overruled by said justice, who allowed the deed to be read in evidence ; and the same was read in evidence, and the plaintiff's counsel excepted. The consideration expressed in said deed was one dollar. The plaintiff's counsel insisted that said deed was not sufficient to bar the plaintiff of her right of dower in said premises, and the justice decided that it was, and the plaintiff's counsel excepted. The plaintiff's counsel also insisted that the separate quitclaim deed could not bar the right of dower of said plaintiff in said premises, accruing by the subsequent death of her husband ; and the justice decided that it did, and the plaintiff's counsel excepted. The plaintiff's counsel also insisted that in order to bar her inchoate right of dower, the plaintiff should have joined with her husband in the deed of said premises ; and the justice decided that that was not necessary, and the plaintiff's counsel excepted. The said justice decided that the defendant was entitled to judgment under the pleadings and proofs, and for his costs to be taxed ; and judgment was entered in his favor, accordingly.

*W. C. Ruger*, for the plaintiff.

*J. Noxon*, for the defendant.

*By the Court*, BACON, J. It will probably be conceded, and if not, it may be assumed, that if the deed from the plaintiff to Eben J. Dennis of the premises in question, was properly acknowledged by the plaintiff, so as to entitle it to be read in evidence, the plaintiff's right of dower in the premises was effectually barred, and consequently this suit cannot be sustained. The only question in the case then is, whether the

deed was so acknowledged as to authorize its introduction by the defendant. The grantor was a married woman, and the officer who took the acknowledgment certifies that on an examination before him "separate and apart from her husband" she acknowledged the execution of the same "without fear or compulsion from him."

The counsel for the plaintiff insists that two important requisitions of the statute in reference to the acknowledgment of conveyances by married women have been omitted by the magistrate who took the acknowledgment, and that consequently the deed has no validity to pass her title to the premises in question. The provision of the statute (2 *R. S.* 758, § 13,) is familiar, and requires the officer in the case of a married woman, to certify that on "a *private* examination apart from her husband she executed such conveyance *freely* and without any fear or compulsion of her husband." He has omitted to state in the certificate in this case, either that the examination was "private," or that she executed the deed "freely;" and the question is whether the omission of these two statements renders the acknowledgment so defective as to exclude the deed from being offered in evidence. No particular stress is laid on the omission of the word "freely" in the acknowledgment, for since the decision in the case of *Merium* v. *Harsen,* (2 *Barb. Ch.* 232,) that is no longer an open question. In that case the officer had omitted to state that the acknowledgment was made freely, but he added that it was made without fear or compulsion. The chancellor held that the word "freely" means only that she acted without constraint or compulsion, and when the certificate states these facts the requirement of the statute is answered.

But a more ingenious argument is made by the counsel for the plaintiff upon the effect of the omission to state that the examination was "private." It is contended that this does not mean simply that it is private in respect to the husband only, but that it is to be literally and absolutely private as to all the world; that the object of the statute is to save the wife from any possible constraint on the part of the husband, and that

Dennis v. Tarpenny.

her entire protection demands that she shall be free from the presence of any person whatever, except the officer to whom she makes the acknowledgment, since the husband might, through the presence of a third party in his interest, exercise a control as effective as if present in his own person. The argument is plausible, but it cannot, I think, be upheld upon a true construction of the statute, nor on authority. It is a little remarkable that no case has arisen in the courts of this state, where this precise question has been presented; since it must be manifest that in the vast number of acknowledgments that have been taken in this state, omissions of the character of the one in question must frequently have occurred.

But there are decisions in respect to other requirements of the statute, from which a strong analogy may be drawn, and considerations in respect to the construction it has practically received, which should be controlling in this case. Thus the statute provides, as it has for more than half a century, that the officer taking the acknowledgment shall certify that the person making the acknowledgement "is known to him to be the person described in and who executed the conveyance." In the case of *Jackson* v. *Gumeer*, (2 *Cowen*, 552,) the certificate of the magistrate stated that "A, B., to *me known*, came and acknowledged, &c." The court held this a sufficient acknowledgment. Ch. J. Savage says that if called upon to establish a form of certificate, he should certainly deem it best for the officer to certify that the grantor was known to the officer to be the person described in the deed, "but," he adds, "the legislature could not expect the officer to know that the grantor described in the deed actually executed it, otherwise than by his acknowledgment, or proof by a witness. The form used in the case has been in very general use, and the practice in this respect may perhaps amount to a construction of the act." In the case of *Duval* v. *Covenhoven*, (4 *Wend*. 561,) an acknowledgment of the same character was also held perfectly good. (*See also Troup* v. *Haight*, *Hopk*. 239.)

The same course of reasoning which led the chancellor to hold that the omission of the word "freely" did not invalidate

an acknowledgment, where the certificate stated that the conveyance was executed without fear or compulsion of the husband, conducts us to the conclusion that the omission to state that the examination was "private," does not affect the validity of the acknowledgment here. The use of the words "without fear or compulsion," is only another mode of stating that the acknowledgment was freely made, and the phrase is added simply for the sake of greater caution; the latter words being in effect the correlative of the former. If the wife executes the deed without fear or compulsion, she manifestly does it freely, and the object of the statute is fully secured. In like manner the word "private" is qualified and explained by the superadded phrase, "apart from her husband." Otherwise these words would seem to be meaningless, for if by "private" is meant the absence of all persons whatever, why should the other words be added, "apart from her husband," who would be necessarily excluded, unless, as it is pertinently said, "man and wife are literally as well as figuratively one." The design of the statute, it seems to me, obviously is to secure the wife from the control or interference of her husband, and from his alone. It does not contemplate the remote possibility that an influence may be exerted by the passive presence of a third party. Such influence might as readily be assumed to exist by the presence of the examining officer, who, it may not be a violent presumption to suppose, may as easily be converted by the absent husband into an instrument of constraint or intimidation. If it be objected that by this construction the legislature has used more words than are necessary to convey their meaning, this may readily be granted; and the same reason exists for such use as in the corresponding phrases which are employed to secure the existence of the other important qualification, that she is to be exempt from fear or compulsion. When that fact is stated, it follows that she executes the conveyance freely; and when the examination is stated to be apart from the husband, it equally follows that it is private in respect to the only party whose exclusion is deemed necessary, in order to secure her voluntary and unbiased acknowledgment.

Dennis v. Tarpenny.

It has been repeatedly held in the courts of other states as well as of our own, that a certificate of acknowledgment is good if it shows a substantial, though not a verbal, compliance with the requirements of the act concerning the acknowledgment of conveyances. (*See Luffboro* v. *Parker*, 12 *Serg. & Rawle*, 48 ; *Shaler* v. *Brand*, 6 *Binn.* 435 ; *Dundas* v. *Hitchcock*, 12 *How. U. S. Rep.* 257 ; *Webster* v. *Hale*, 2 *Har. & McHen.* 19 ; *and Den* v. *Geiger*, 4 *Halst.* 225.) The latter case decides the very point in question here. The certificate omitted to state that the acknowledgment was made on a *private* examination, or that it was *without fear* of the husband, although the statute required both things to be certified by the magistrate. The court held the acknowledgment to be a substantial fulfillment of the requirements of the act, and the deed was admitted in evidence.

Some stress is laid, in the case last cited, upon the consideration that by long usage the statute had received a practical construction, which it would be unwise and eminently unsafe to disturb. The same position is taken and elaborately vindicated, by Chancellor Sanford, in *Troup* v. *Haight*, (*Hopk.* 268,) and approved by Chancellor Walworth, in *Meriam* v. *Harsen*, (*cited supra.*) General usage, long continued and hitherto unquestioned, has great force ; and the practical construction of the law by so many public officers, though not given upon adverse litigation, must have much of the weight of judicial decision. I can easily imagine that a decision holding the acknowledgment in this case defective, would unsettle half the titles in this state, and I have no ambition, upon a point so narrow and technical, to open the flood-gates of endless and destructive litigation. The hand might well hesitate to apply the torch where extensive devastation would inevitably follow, and the fame of the Ephesian incendiary, though wide as the world and lasting as time, has never been considered one greatly to be coveted. It is undoubtedly true that some decisions have been made in the courts of our sister states which maintain the doctrine contended for by the plaintiff's counsel, and hold acknowledgments like the one in question de-

fective. I have not, however, been able to examine them in connection with the statutes upon which they are founded, with sufficient care to determine how far they are entitled to consideration on a question of this character. But whatever may be their binding force within the jurisdictions where they arose, I am satisfied that the weight of sound authority as well as of reason, is in favor of the view I have endeavored to maintain. The result is, that the ruling at the circuit was right, and the judgment must be affirmed.

[JEFFERSON GENERAL TERM, July 2, 1855. *W. F. Allen, Pratt, Hubbard* and *Bacon,* Justices.]