Chester et ux. *v.* Rumsey.

---

AUGUSTIN CHESTER, and MARIETTE N. CHESTER, his Wife, Appellants, *v.* JULIAN S. RUMSEY, Appellee.

26    97
89a ¹163

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

An acknowledgment by a wife to convey the fee of her separate estate, will be sufficient, although it contains all that is required for that purpose, as also all that is required to release her dower. Redundancy does not vitiate an acknowledgment.

THIS is an action of ejectment. Case of plaintiff below is as follows:

Deed from George F. Rumsey and wife to Mariette N. Chester, of lots seven (7) and eight (8), and the south twenty-nine (29) feet of lots nine (9) and ten (10) in block twenty-four (24), Wolcott's Addition to Chicago; deed dated Nov. 1st, 1856; acknowledged Nov. 11th, 1856. Mortgage from Augus-

tin Chester, and his wife, Mariette N. Chester, of same premises, to George F. Rumsey, dated Nov. 1st 1856, acknowledged Nov. 24th, 1856. This mortgage contained a power of sale. Deed of George F. Rumsey to plaintiff, of the same premises, dated January 18th, 1859, and purporting to convey said premises to said plaintiff, as purchaser at a sale had in execution of the power in the mortgage aforesaid contained.

It was admitted on the trial that Mariette N. Chester is the wife of Augustin Chester, and that both the defendants below resided on the property in question ; that demand had been made for possession, and defendants refused to surrender the same. The notice of sale under the mortgage, and some proof in regard to said sale, were also introduced.

The defendants (appellants here) objected to the introduction of the mortgage, on the ground that the acknowledgment was insufficient. The acknowledgment is copied at length in the opinion of the court.

There was a verdict and judgment for appellee in the court below.

M. W. FULLER, for Appellants.

J. P. CLARKSON, for Appellee.

CATON, C. J. The first and only question of any importance in the case is, whether the acknowledgment is sufficient to convey the wife's fee. This is the acknowledgment:

STATE OF ILLINOIS, } *ss.*
    COOK COUNTY.

This certifies, that on the 24th day of November, eighteen hundred and fifty-six, before me, O. R. W. Lull, a Notary Public, of the city of Chicago, in the county of Cook, in the State of Illinois, appeared Augustin Chester, and Mariette N. Chester, personally known to me to be the real persons whose names are subscribed to the annexed mortgage as having executed the same, and then acknowledged the execution thereof as their free act and deed. And the said Mariette N. Chester, wife of Augustin Chester, (who is personally known to me to be the same person who subscribed the said instrument of writing), having had the contents of the said instrument made known and explained to her, and being by me examined separate and apart from her said husband, did acknowledge said instrument to be her free act and deed ; that she executed the same, and relinquished her dower in the lands and tenements therein mentioned, voluntarily and freely, and without the compulsion of her said husband, and that she does not wish to retract.

Given under my hand and seal notarial the day and year first above written.

[NOTARIAL SEAL.]      O. R. W. LULL,
*Notary Public.*

The objection to this acknowledgment is, that it is too full —that it expresses too much. It not only contains all that is required by the seventeenth section, where the fee of the wife is designed to be conveyed, but it also contains all that is required by the twenty-second section, the design of which is to release the right to dower. Redundancy is a very uncommon objection to a certificate of acknowledgment. The complaint has been generally, if not universally, that essential parts required by the statute, have been omitted. But where all which the statute does require to effectuate the purpose claimed for the deed, is in the acknowledgment, and also something else is put in which the statute does not require, we cannot believe that we should be administering the spirit of the statute or the principles of justice, to hold that the useless redundancy in the acknowledgment invalidated the deed. It should simply be regarded as surplusage. We shall probably not be far from the truth to suppose that the notary allowed this surplusage to remain in the printed form, instead of drawing his pen through it. His certificate shows that he gave the wife the precise information required by the statute, and that she acknowledged and stated to him everything which the law required that she should acknowledge and state, in order to give effect to the conveyance of her title, and in the precise form required by law.

While this court went so far in *Hughs* v. *Lane*, 11 Ill. 123, as practically to repeal the seventeenth section of the statute, by holding that an acknowledgment made under the last section and not even conforming to that, was sufficient to convey the title of the wife, which decision has never yet been reconsidered by this court, we are now asked to rush to the other extreme, and hold an acknowledgment embracing all that is required by both sections, to be of no avail, at least under the seventeenth section. Even though we might feel a reluctance to follow the majority of the court in *Hughs* v. *Lane*, we do not propose to follow a route as opposite to that, as it is possible to conceive.

We deem the acknowledgment sufficient, and affirm the judgment.

*Judgment affirmed.*