## THOMAS W. STUART *et al.*
### *v.*
## ABRAHAM DUTTON *et al.*

1.  DEED—*certificate of acknowledgment by a feme-covert, what sufficient.* A certificate of acknowledgment of a deed, by a *feme-covert*, which recites, "that she signed the same freely and voluntarily of her own accord, without the fear or coercion of her said husband, and that she relinquished her right and claim of dower to the lands therein described, and does not wish to retract. *Held:*

1.  That the execution of a deed by a married woman, is manifested by her signature and seal to it, but is not consummated, so as to bind her, until properly acknowledged.

2.  That the acknowledgment that she "signed" the deed is sufficient. The term "executed" cannot embrace the delivery of the deed, that being the last act performed, and is no part of its execution. Acknowledging that she "signed" the deed, admits her signature and seal, which is, technically, the execution of the deed.

3.  That the omission to state in the certificate, in precise terms, that she acknowledged the deed, "as her act and deed," is no objection. The deed is an act; and the acknowledgment that she executed it, admits it to be "her act and deed."

4.  That in the acknowledgment of a deed by a married woman, it is sufficient, if it appear, that the statute has been substantially complied with. A literal compliance is not demanded nor expected.

5.  That the words "and does not wish to retract," are not essential to the acknowledgment; and when the estate conveyed is owned in.fee by the wife, she has no dower interest to relinquish, and, in such case, a clause to that effect, has no place in the certificate. The interest disposed of is that which she had at the time of the conveyance.

6.  That when words are inserted in a certificate of acknowledgment, which is perfect without them, such redundancy does not vitiate it.

2.  EJECTMENT—*outstanding title.* Where there is an outstanding title to the premises in controversy, established in a third person, the plaintiff in ejectment cannot recover, though the defendant may not be able to connect himself with that title.

WRIT OF ERROR to the Circuit Court of Shelby county; Hon. CHARLES EMERSON, Judge, presiding.

This was an action of ejectment instituted in the court below, by plaintiffs in error against the defendants in error, for the

east half of the south-east quarter of section thirty-six, town eleven north, range three east, in the county of Shelby. The case was tried by the court, and the issues found for the defendants; whereupon, the plaintiffs sued out the writ of error, and brought the cause to this court. The questions involved are fully given in the opinion of the court.

Messrs. HENRY & REED, for the plaintiffs in error.

Messrs. MOULTON & CHAFEE, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The error principally relied on to reverse the judgment in this case, and the one most elaborately argued by counsel, is in admitting the deed, executed and acknowledged by Stuart and wife to William H. Rankin, without further proof of its execution. The point made is, that the acknowledgment is neither a literal nor substantial compliance with the requirements of the statute, and wholly insufficient to pass the legal title of a married woman.

The acknowledgment is as follows:

" STATE OF ILLINOIS, } *ss.*
   SHELBY COUNTY,    }

" Personally appears before me the undersigned, Edward Evey, probate justice of the peace for said county and State, Alfred F. Stuart and Linia his wife, whose names appear to the foregoing deed of conveyance, and who are known to me to be the identical persons who signed the same, and who then, before me, acknowledged that they signed, sealed and delivered said deed to William H. Rankin, for the uses and purposes therein mentioned. And the said Linia, wife of the said Alfred F. Stuart, having been by me examined, separate and apart from her said husband, when the contents of said deed were fully explained to her, she again acknowledged that she signed the same freely and voluntarily, of her own accord, without the fear or coercion of her said husband, and that she

relinquished her right and claim of dower to the lands therein described, and does not wish to retract."

The objections taken to this acknowledgment are, that it does not show Linia Stuart, on her separate examination, acknowledged that she "executed" the deed; that she "signed" it is not sufficient; that the word "executed" has a more extended meaning than the word "signed," and comprehends not only signing, but the sealing and delivery of the deed; and, further, that it does not state she acknowledged the deed as "her act and deed."

We do not think either of these objections valid.

As to the first, the execution of a deed, by a married woman, is manifested by her signature and seal to it, but it is not consummated, so as to bind her, until she acknowledges it before a proper officer. The term "executed" cannot embrace the delivery, for that is the last act done, and follows the acknowledgment, and is no part of the execution of the deed. When, then, she acknowledges she signed the deed, she admits her signature and seal, which is, technically, the execution of the deed. But she acknowledged more; she acknowledged she "signed, sealed and delivered" the deed.

As to the objection that the certificate of acknowledgment does not state she acknowledged the deed as her act and deed, in that precise phraseology, we see no force in it. The deed is an act; she acknowledges she executed the deed, and that is equivalent to acknowledging she executed the deed as her act and deed, for, being a deed made by her, it is, *ipso facto*, her act and deed.

It has been often held by this court, that in the acknowledgment of a deed by a married woman, it is sufficient, if it appears the statute has been substantially observed and followed. A mere literal compliance is not demanded or expected.

The great object the legislature seems to have had in view in prescribing the mode by which a married woman may be divested of her interest in land, seems to be, that she should not be imposed upon or coerced by her husband, and to protect

her from imposition and coercion the officer shall examine her separate and apart from her husband, that he shall explain to her the nature of the act she is about to consummate, and this, by explaining to her the contents of the deed she has executed, and, if it is her own estate she is conveying, that she may retract if she desires to do so, for any cause then operating upon her. It is the design of the law, she should be informed of her true position and of the real nature of her interest in the land, and this is presumed to be done by the officer, by his certificate that he fully explained to her the contents of the deed. When all these appear from the certificate, slight departures from the words of the law will not prejudice; so long as the substance is preserved, mere technical objections will not be favored.

But it is urged by the plaintiffs in error, that Mrs. Stuart simply acknowledged that she signed the deed and relinquished her right and claim of dower, and not that she alienated the fee.

This objection was made in the case of *Hughes et al.* v. *Lane,* 11 Ill. 123, in which case a part of the lands conveyed by the deed of Mrs. Lane was the property of her husband and another portion her own by inheritance. In the certificate of acknowledgment, it appeared she had been examined separate and apart from her husband, and the contents of the deed fully explained to her by the magistrate, and that she acknowledged the same as her deed and relinquished her dower to the lands and tenements mentioned in it. The court say, "so much of the certificate as relates to relinquishing dower should therefore be considered as applying only to the lot in which there was a right of dower to relinquish." They further say, "it is the execution of the deed, not the relinquishment of dower, that is acknowledged to have been made freely and voluntarily without any compulsion of the husband, and this, together with the other statements of the certificate, as to privy examination and acquaintance with the contents of the deed, was sufficient to pass Mrs. Lane's interest in the land which she held in fee.

The certificate before us goes further; it contains the words, "and does not wish to retract," words which, before the decision in Mrs. Lane's case, were supposed essential in the acknowledgment of every deed made by a married woman conveying her own real estate.

The estate conveyed being the estate of Mrs. Stuart, she had no dower interest to relinquish. She owned the fee, and she knew she was disposing of that which belonged to her at the moment, and not a mere expectancy contingent on the death of her husband. Now what does the statute in such case require her to acknowledge? First, she must acknowledge the deed; next, that it was voluntary on her part; and, last, that she does not wish to retract. If all these appear by the certificate, there is no need to rely upon the decision in *Hughes* v. *Lane*, to which the counsel for plaintiff in error takes exceptions, for these three substantive requirements of the statute are found in this certificate. The relinquishment of a dower right which had no existence, and could not have, had no place in the certificate. Rejecting those words, the certificate must be considered perfect, even in the estimation of those most strenuous for a literal compliance with the statute. If words are found in a certificate of acknowledgment which is perfect without them, such redundancy cannot vitiate; they may be rejected as surplusage. This court so held in the case of *Chester et ux.* v. *Rumsey*, 26 Ill. 97, in which case the acknowledgment was almost identical with the one we are now considering. The certificate of acknowledgment shows that when Mrs. Stuart and her husband presented themselves before the probate justice for the purpose of acknowledging the deed, she then acknowledged that she not only signed and sealed, but delivered the deed, and on her private examination, when the contents of the deed had been fully explained to her, she declared she did not wish to retract what she had done.

It is a fair intendment that Mrs. Stuart designed to convey the fee, as that was the interest and the only interest she had in the land. Rankin bought and paid for the fee, and he or those claiming under him have been in possession near twenty

years, and, in the absence of fraud in procuring the title, they ought not now to be disturbed by a party who fairly conveyed it for a valuable consideration.

There is no occasion for further argument. The case seems too plain for doubt.

An outstanding title being established in Rankin to the premises in controversy, the plaintiff cannot recover, though the defendant may be unable to connect himself with that title. *Rupert* v. *Mark*, 15 Ill. 540; *Masterson* v. *Cheek*, 23 id. 72.

The judgment must be affirmed.

*Judgment affirmed.*