# NEWPORT COUNTY.

---

Petition of Seth Bateman & Ann M. King for an Opinion of the Court.

Under a statute which provides that a married woman acknowledging a deed "shall declare to the officer taking such acknowledgment that the deed or instrument shown and explained to her by such magistrate is her voluntary act, and that she doth not wish to retract the same" : —

*Held*, that a certificate of acknowledgment was fatally defective which did not either expressly or by intendment show that the acknowledgment and declaration prescribed by statute had been taken by the magistrate either in substance or in statutory form.

CASE STATED for the opinion of the court under Public Laws cap. 563, § 16, April 20, 1876.

The question raised was whether the certificate of a married woman's acknowledgment to a deed of realty satisfied the provisions of Rev. Stat. R. I. cap. 136 § 7. These provisions reappear in Gen. Stat. R. I. cap. 152, § 8.

The certificate of acknowledgment referred to is as follows: —

"UNITED STATES OF AMERICA.

"State of New York,          }
   City and County of New York, }  ss.

." By this public instrument be it remembered that on this twenty-ninth day of February, A. D. one thousand eight hundred and 68, before me, the subscriber, Joseph B. Nones, a commissioner in and for the State of New York, appointed by the Governor of the State of Rhode Island to take proof and acknowledgment of deeds, mortgages, letters of attorney, or any other instrument to be used or recorded in the said State of Rhode Island, and to administer oaths and affirmations, take depositions, &c., &c., appeared Edward Chase, George N. Miller, and Caroline S. his wife, the persons described in, and who executed the annexed instrument (between them as one of the parties thereto and                          the other party thereto), and acknowledged to me that they severally executed the said instrument voluntarily and freely, for the uses and purposes therein stated. And the said Caroline S. Miller, wife of the said George N. Miller, on being by me made fully acquainted with the contents of said annexed instrument, on an examination by me privately separate and apart from her said husband, acknowledged to me, and agreed, on such private examination as aforesaid, that she did execute the said instrument of her own free will and accord; subscribe, seal, deliver, and without any fear, coercion, or compulsion, or undue influence of her said husband, or from any one, or of any other person or persons whatsoever; and with an intention thereby to renounce, give up, and forever quitclaim her right of dower and thirds, and all her other interest of, into, and to the lands and tenements therein mentioned. And I further certify that I know the persons who made the said acknowledgment to be the identical persons described in and who executed

the said annexed instrument. In testimony whereof, I have hereunto subscribed my name and affixed my official seal, the year, month, and day first before written.      J. B. NONES,

> Commissioner of the State of Rhode Island for the State of New York, as aforesaid."

*Providence, July* 21, 1877. DURFEE, C. J. This is a case stated for the opinion of the court under Public Laws, cap. 563, § 16, April 20, 1876. It presents a question in regard to the sufficiency of a certificate of acknowledgment on a married woman's deed. The certificate does not expressly state that the deed was shown to the woman, being in this respect like the certificate in *Kavanaugh* v. *Day*, 10 R. I. 393. Again, it does not state that the deed was explained to her by the officer, but does state that she was made fully acquainted with its contents by him. It is contended that this is equivalent to stating that it was explained; and see *Hughes et al.* v. *Lane*, 11 Ill. 123. We refrain from an opinion upon this point, because we think the certificate is otherwise fatally defective. It does not follow the language of the statute, Revised Stat. of R. I. cap. 136, § 7. It states, with much superfluous verbiage, that the woman acknowledged that she " *did* execute ' the deed ' of her own free will and accord." It does not state that she also declared that she did not wish to retract the same, or that she said anything else equivalent to it. The statute is explicit. Its language is, she " shall declare to the officer taking such acknowledgment that the deed or instrument shown and explained to her by such magistrate is her voluntary act, and that she doth not wish to retract the same." The statute contemplates that she may after signing repent of her act, and is evidently designed to guard and protect her in the exercise of her free will up to the last moment. Hence the words, " that she doth not wish to retract the same." *Churchill* v. *Monroe*, 1 R. I. 209, 212. In this certificate the omission of these or other equivalent words is more clearly a defect than it would be in a certificate in the usual form. It is argued that we may presume that she did not after signing change her mind. Undoubtedly we may presume so, and yet the fact may be otherwise. And, because it may be otherwise, the statute requires the more plenary proof afforded by the declaration. We have no right to dispense with so positive a requirement.

A similar view was taken by the Supreme Court of Virginia, in *Grove* v. *Zumbro*, 14 Grat. 501. There the married woman is required, in one form of proceeding, to declare to the examining magistrate " that she did freely and willingly seal and deliver the said writing, and *wishes not to retract it.*" A certificate which did not show that she so declared was held to be fatally defective. " Her wish to retract what was done," the court say, " is. perfectly consistent with everything contained in the certificate." The same may be said in regard to the certificate before us. There is an Illinois case which at first blush seems to be opposed to this view. But a closer inspection shows that the case was decided upon a nice construction of the statute of that state such as ours does not admit of. *Hughes et al.* v. *Lane*, 11 Ill. 123.

Of course it is not necessary, however desirable it may be, for the certificate to follow the language of the statute. But it is necessary for it to show, either expressly or by intendment, that the acknowledgment, or declaration prescribed, has been given in substance if not in form. ·. The certificate before us does not, in our opinion, come up to this requirement.